T.C. Memo. 1997-76

UNITED STATES TAX COURT

JAMES E. AND KATHY WALKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15451-94.                    Filed February 12, 1997.

<u>Thomas G. Ferguson, Jr.</u>, for petitioners.

<u>William Castor</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioners' 1990 and 1991 Federal income taxes in the amounts of $2,896 and $1,843, respectively.

The sole issue for decision is whether petitioners are entitled to claim deductions for political contributions as ordinary and necessary business expenses under section 162.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in McLoud, Oklahoma, on the date the petition was filed in this case. Hereinafter, references to petitioner in the singular are to James Walker.

Petitioner is an attorney who specializes in lobbying activities. During 1990 and 1991, he represented business clients involved in banking, savings and loans, dentistry, insurance, and the cable and trucking industries. During 1990 and 1991, petitioner traveled to Washington, D.C. to lobby on behalf of his cable, trucking and savings and loan clients, and regularly attended Oklahoma legislature meetings as a lobbyist. Petitioner was reimbursed by his law firm, a professional corporation, for business expenses including travel, meals, and entertainment which petitioner incurred in the performance of his lobbyist activities. The law firm, in turn, was reimbursed for these expenses by the clients the firm represented.

Petitioner, however, was not reimbursed by his law firm or its corporate clients for his personal political contributions. The corporations that petitioner's law firm represented were prohibited by Oklahoma and Federal campaign finance laws from making direct or indirect contributions for the election or reelection of candidates for public office.

Petitioner, individually, made political contributions in 1990 and 1991 in the amounts of $9,250 and $6,582, respectively, in support of political candidates running for election or reelection in the Oklahoma legislature or the United States Congress.  The individual contributions usually ranged in amounts from $50 to $200.  On their 1990 Federal income tax return, petitioners claimed a deduction for these political contributions as a Schedule C lobbying expense.  The 1991 contributions were claimed as Schedule A unreimbursed employee business expense deductions.  Respondent disallowed all of the claimed deductions.

Respondent's determinations are presumed to be correct and petitioners bear the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 162(a) allows the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deduction claimed.  Rule 142(a);

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(e)(1) provides that the deduction allowed by section 162(a) shall include all the ordinary and necessary expenses paid or incurred in carrying on a trade or business in direct connection with appearances before or communications with legislative bodies with respect to legislation or proposed legislation related to a taxpayer's business.  Cloud v. Commissioner, 97 T.C. 613, 624 (1991).  Section 162(e)(2), however, does not allow any deduction under section 162(a) for any amount paid or incurred by way of contribution, gift, or otherwise which would be used in any political campaign on behalf of any candidate for public office, regardless of business purpose.  Id. at 625.

Petitioners argue that we should apply section 162(e) as amended by the Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, sec. 13222, 107 Stat. 312, 477.  In particular, petitioners argue that the current section 162(e)(5)(A) provides that professional lobbyists, i.e., individuals who are in the trade or business of lobbying, may deduct political contributions under section 162(a).  We need not address petitioners' argument regarding the current section 162(e)(5)(A), since Congress expressly provided that the section was to be effective only for amounts paid or incurred after December 31, 1993.

Section 162(e)(2), in effect for the taxable years in issue, disallows any deduction under section 162(a) for political contributions such as the ones that petitioners claimed.  Cloud v. Commissioner, supra at 625.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.